IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NIGEL DEDIEECE CARTER,** *et al.*, : | |
|     Plaintiffs, : | |
| : | |
| v. : | **CIVIL ACTION NO. 23-CV-0798** |
| : | |
| **CHILD & YOUTH SERVICES,** : | |
|     Defendants. : | |

**ORDER**

AND NOW, this 5th day of January, 2024, upon consideration of Nigel Dedieece Carter's Motion to Proceed *In Forma Pauperis* (ECF No. 15) and Complaint (ECF No. 1), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. The Clerk of Court is **DIRECTED** to mark as "participant view only" the Complaint (ECF No. 1). Carter is **DIRECTED** to refrain from including his minor child's name in future filings.

4. The Clerk of Court is **DIRECTED** to correct the docket to identify the minor Plaintiff (L.K.C.) by initials only.

5. In light of Lacieya Rosalee Stevens's failure to complete and return the Declaration form and her failure to either pay the fees to commence a civil action or file a motion to proceed *in forma pauperis* as directed by this Court's Order entered on April 28, 2023 (ECF No. 7) which: (1) granted Stevens a thirty-day opportunity to do so, and (2) warned her that the failure to comply with the Order would result in the dismissal of her claims without prejudice,

Lacieya Rosalee Stevens is **DISMISSED WITHOUT PREJUDICE** as a named Plaintiff in this case.

6. The Clerk of Court is **DIRECTED** to **TERMINATE** Lacieya Rosalee Stevens as a Plaintiff in this case.

7. The Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum, as follows:

   a. All claims asserted on behalf of L.K.C. are **DISMISSED WITHOUT PREJUDICE**.

   b. Carter's claims against Child & Youth Services are **DISMISSED WITH PREJUDICE**.

   c. Carter's claims against Delaware County, Pennsylvania are **DISMISSED WITHOUT PREJUDICE**.

   d. Carter's state law claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

8. Carter may file an amended complaint within thirty (30) days of the date of this Order to reallege claims against Delaware County that have been dismissed without prejudice. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Carter's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Carter should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Upon

the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

9.  The Clerk of Court is **DIRECTED** to send Carter a blank copy of the Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above civil action number. Carter may use this form to file his amended complaint if he chooses to do so.[1]

10. If Carter does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

11. If Carter fails to file any response to this Order, the Court will conclude that

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents2/forms/forms-pro-se.

Carter intends to stand on his Complaint and will issue a final order dismissing this case.[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

_____
**MIA R. PEREZ, J.**

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).